No. 25-7089

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

STATE OF OKLAHOMA,

*Defendant-Appellee.*

OKLAHOMA STUDENTS FOR AFFORDABLE TUITION,

*Intervenor-Appellant*

On appeal from the United States District Court
for the Eastern District of Oklahoma
The Hon. Ronald A. White
No. 6:25-CV-00265-RAW-DES

**OKLAHOMA'S MOTION TO DISMISS**

GENTNER DRUMMOND
  *Attorney General*
GARRY M. GASKINS, II
  *Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 522-4798
Garry.Gaskins@oag.ok.gov

ZACH WEST
  *Director of Special Litigation*
ELLEN CARR
  *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 522-4798
Zach.West@oag.ok.gov
Ellen.Carr@oag.ok.gov

*Counsel for the State of Oklahoma*

Pursuant to Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27.3(A)(1)(a), the State of Oklahoma moves to dismiss this appeal for lack of appellate jurisdiction. Appellant Oklahoma Students for Affordable Tuition ("OSAT") is not a party to the underlying litigation—*United States v. Oklahoma*, 6:25-cv-00265-RAW-DES (E.D. Okla. 2025)—and, therefore, does not have standing to appeal the district court's final order. Further, OSAT cannot show that extraordinary circumstances warrant its appellant involvement in this straightforward case. Thus, this appeal should be dismissed.

## BACKGROUND

On August 5, 2025, the United States filed a Complaint in the Eastern District of Oklahoma against the State of Oklahoma, seeking declaratory and injunctive relief. *United States v. Oklahoma*, No. 6:25-cv-265-RAW-DES, Doc. 2. The United States alleged that OKLA. STAT. tit. 70, § 3242 and Oklahoma State Regents Policy § 3.186 (collectively, "the Oklahoma laws") improperly extended in-state tuition benefits at Oklahoma institutions of higher education to illegal aliens while requiring out-of-state United States citizens to pay higher rates. *United States,* No. 6:25-cv-265-RAW-DES, Doc. 2 at 1. On the same day, the United States and the State of Oklahoma filed a Joint Motion for Entry of Judgment indicating that both parties agree that the Oklahoma laws are preempted by federal laws, 8 U.S.C. §§ 1623, 1621(d), that prohibit higher education approaches identical to Oklahoma's. *United States*, No. 6:25-cv-265-RAW-

1

DES, Doc. 9 at 2. The parties requested that the district court issue a final judgment declaring that the Oklahoma laws are invalid and violate the Supremacy Clause. *Id.*

On August 7, 2025, Magistrate Judge Snow "recommend[ed] the Parties' Motion for Entry of Consent Judgment be granted" because federal law "contains an express preemption clause" directing that illegal aliens "shall not be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit." *Id.*, Doc. 11 at 1, 3 (quoting 8 U.S.C. § 1623(a)). Soon after, on August 29, 2025, Judge White entered a final order affirming and adopting Judge Snow's Report and Recommendation and granting the Parties' Joint Motion for Entry of Consent Judgment ("Final Order"). *Id.*, Doc. 22, 23.

Several months later, on October 27, 2025, OSAT filed its post-judgment Opposed Motion to Intervene in the Eastern District. *Id.*, Doc. 24. A day later, despite its pending Motion to Intervene and its status as a non-party, OSAT filed its Notice of Appeal. *Id.*, Doc. 28. At the time of filing this Motion to Dismiss, the district court has not yet ruled on OSAT's Motion to Intervene.

## ARGUMENT

I. **OSAT Is Not a Party to the Proceeding Below and Does Not Have Standing to Appeal the District Court's Final Order.**

"[I]ndividuals can appeal only if they have appellate standing." *United States v. Carter*, 995 F.3d 1214, 1218 (10th Cir. 2021) (citation omitted). The Federal Rules of Appellate Procedure instruct that only a party to the underlying judgment may appeal.

2

*See* Fed. R. App. P. 3(c)(1)(A) (the notice of appeal must "specify the *party* or *parties* taking the appeal.") (emphases added); Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any *party* within 60 days after the entry of judgment." (emphasis added)). The Supreme Court has explained that "one who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom." *Karcher v. May*, 484 U.S. 72, 77 (1987) (citations omitted); *see also Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well-settled.") (citation omitted). This Court has issued similar guidance: "[o]rdinarily only a party who has been aggrieved by an order or judgment of a district court may appeal that decision." *In re Vargas*, 723 F.2d 1461, 1464 (10th Cir. 1983).

OSAT's Notice of Appeal ignores the well-settled rule that only parties to a lawsuit retain the privilege of lodging appeals from underlying district court litigation. OSAT's Notice also ignores this Court's dismissal of a similar appeal from a nonparty in *Southern Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966 (10th Cir. 2008). There, this Court dismissed an appeal filed "even though the district court had yet to rule on [the movants'] motion to intervene at the time they filed their notice of appeal." *Id.* at 968. In so dismissing, this Court noted that the movant's pending motion to intervene did not justify disregarding the "well-established" principle that "only parties to a lawsuit, or those that become parties, may appeal an adverse judgment." *Id.* (quoting

3

*Marino*, 484 U.S. at 304). This Court further explained that because the movants had not yet been granted party status, "the only course available to [them] was to appeal *after* the district court denied their motion to intervene because only then did [they], as non-parties to [the] underlying lawsuit, have an order from which to appeal." *Id.* at 969.

The same analysis in *Kempthorne* applies to OSAT. First, both the OSAT and *Kempthorne* appeals were filed while motions to intervene were pending, and neither OSAT nor the *Kempthorne* movants were granted party status at the time of filing their respective notices of appeal. *Id.* at 968. Second, in *Kempthorne*, the movants waited until after the district court decided the merits of the case to intervene. *Id.* at 969. The same is true here with OSAT: any intervention efforts came after the resolution of the merits in both Judge Snow's Report and Recommendation and Judge White's adoption of the same in his Final Order. *United States v. Oklahoma*, 6:25-cv-00265-RAW-DES, Docs. 22–24. In short, OSAT has no order from which to appeal, and only the named parties to suit hold the privilege of appealing the Final Order. As a result, OSAT does not have standing to appeal the district court's Final Order while its Motion to Intervene is pending and it has not been granted party status. This appeal should be dismissed.

## II. No Extraordinary Circumstances Warrant OSAT's Non-Party Appeal.

Although the general rule is that non-parties may not appeal, limited exceptions apply when non-parties can show "most extraordinary circumstances" warrant their appellate involvement notwithstanding their district court absence. *Hutchinson v. Pfeil*,

4

211 F.3d 515, 518 (10th Cir. 2000) (citing *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 619 (10th Cir. 1979)); *see also Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (allowing non-parties to appeal a district court judgment "remains an exception to the general rule established in *Marino*" that only parties to suit below may appeal). Further, the Supreme Court created a narrow carveout in *Devlin v. Scardelletti*, 536 U.S. 1 (2002), allowing "nonnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing [to] have the power to bring an appeal without first intervening." *Id.* at 14. For the reasons set forth below, OSAT does not qualify for any exception permitting non-parties to appeal cases.

In determining whether "extraordinary circumstances" exist, this Court has explained that where a movant-appellant has an "indirect, passive relationship to the proceedings conducted in district court," such extraordinary circumstances "are clearly not present." *Hutchinson*, 211 F.3d at 518. This Court's treatment of non-party appellants in *Kempthorne* is instructive. There, the non-party movants filed a notice of appeal and argued that because "the district court had yet to rule on their motion to intervene at the time they filed their notice of appeal," the appeal was "viable." *Kempthorne*, 525 F.3d at 968. But this Court denied their attempt: "unlike the non-named class members in *Devlin* and the [movants] in *Plain*, Movants waited until after the district court rendered its merits decision to raise an objection although they knew at

5

*least* three months prior that the district court had taken the matter under advisement." *Id* at 969.

Here, OSAT does not present extraordinary circumstances that justify departing from the rule that only parties to suit may appeal. Nor does OSAT fit within the narrow *Devlin* exception allowing non-party appeals because it was not an unnamed member of a class established in the case below. Importantly, OSAT had an opportunity to intervene here during the pendency of the merits stage of the underlying case but failed to participate until after the court issued its Final Order. In other words, OSAT attempts to appeal a case from which it was wholly detached. Indeed, OSAT's Motion to Intervene came almost three *months* after Judge Snow issued the Report and Recommendation and Judge White issued the Final Order. *United States v. Oklahoma*, 6:25-cv-00265-RAW-DES, Docs. 2, 11, 23, 24. OSAT's "indirect" and "passive" relationship with the district court proceeding below undercuts any "extraordinary circumstances" it submits to warrant its newfound involvement on appeal. *See Hutchinson*, 211 F.3d at 518.

As a result, OSAT's lack of connection to the underlying case precludes any extraordinary circumstances justifying its appellate involvement.

III. **The Straightforward Nature of the Underlying Issues Presented Below Warrants Dismissal.**

Finally, the clear-cut resolution of the merits below is further reason why this appeal should not move forward. As stated above, the actual parties to suit below filed

a Joint Motion for Entry of Judgment indicating both parties agree that the Oklahoma laws are preempted by federal law. *United States*, No. 6:25-cv-265-RAW-DES, Doc. 9 at 2. In short, federal law plainly contains an express preemption clause forbidding Oklahoma or any other state from extending in-state benefits to illegal aliens when those same benefits are not available to out-of-state United States citizens. *Compare* OKLA. STAT. tit. 70, § 3242 (providing eligibility for "resident tuition" to qualifying students who "cannot present to the [postsecondary] institution valid documentation of United States nationality or an immigration status permitting study"); *and* 8 U.S.C. § 1623(a) ("an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State . . . for *any* postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit" (emphasis added)). The law on this point is straightforward, which is why the State of Oklahoma conceded in the first place.

In sum, the parties' Joint Motion affirming this straightforward express preemption principle should not be disturbed on appeal through a nonexistent and manufactured controversy to which neither actual party consented.

## CONCLUSION

Because OSAT is not a party to the underlying litigation, the Court should dismiss OSAT's appeal for lack of appellate jurisdiction.

Respectfully submitted,

*s/ Garry M. Gaskins, II*
GENTNER DRUMMOND, OBA 16645
  *Attorney General*
GARRY M. GASKINS, OBA 20212
  *Solicitor General*
ZACH WEST, OBA 30768
  *Director of Special Litigation*
ELLEN CARR, OBA 36074
  *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Ellen.Carr@oag.ok.gov

*Counsel for the State of Oklahoma*

## CERTIFICATE OF COMPLIANCE

This response complies with the typeface requirements of Fed. R. App. P. 32 because it was prepared in a proportionally spaced font (Garamond, 14-point) using Microsoft Word 2016. The document complies with the type-volume limitation of Fed. R. App. P. 27, because it contains 1,931 words, excluding the parts exempted.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II

## CERTIFICATE OF DIGITAL SUBMISSION

All required privacy redactions have been made as required by 10th Cir. R. 25.5 and the ECF Manual. Additionally, this filing was scanned with Crowdstrike antivirus updated November 2025.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II

## CERTIFICATE OF SERVICE

I certify that on November 13, 2025, I caused the foregoing to be filed with this Court and served on all parties via the Court's CM/ECF filing system. No paper copies are required pursuant to 10th Cir. R. 27.2.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II
